UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PEFFER, an individual,<br><br>    Plaintiff,<br>v.<br><br>PHILADELPHIA INDEMNITY COMPANY, a Pennsylvania corporation, and Does 1 through 50, inclusive<br><br>    Defendants. | Civil No. 14cv2980 JAH (JLB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 3]** |

### INTRODUCTION

Plaintiff, David Peffer, filed an action asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and unfair business practice under California Business and Professions Code section 17200 against Philadelphia Indemnity Insurance Company on December 19, 2014. Plaintiff alleges he reported unlawful conduct by the executive director of his employer, Utilities Consumer Action Network ("UCAN"), and the executive director retaliated by filing an legal action. Complaint ¶¶ 2, 14. He further alleges he was the insured under an insurance policy Defendant wrote for UCAN, and Defendant had a duty to defend him in the lawsuit but failed to do so. Id. ¶¶ 13, 22. Plaintiff seeks damages and injunctive relief.

Defendant filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, to stay the action and compel

arbitration pursuant to 9 U.S.C. section 3. Plaintiff filed an opposition to the motion and Defendant filed a reply. After a review of the parties' submissions and for the reasons discussed below, the Court GRANTS Defendant's motion to dismiss.

## LEGAL STANDARDS

Defendant argues dismissal is proper under either Rule 12(b)(1), because this Court does not have subject matter jurisdiction over claims that are subject to mandatory arbitration. Defendant further argues dismissal is also proper under 12(b)(6) because the Court may properly dismiss an entire action where all claims in the action are barred by an arbitration provision.

### I. 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### II. 12(b)(6)

Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the

complaint lacks a cognizable legal theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984); <u>see</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. <u>Robertson</u>, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. <u>Lee</u>

v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant argues the terms of the policy at issue in this matter require Plaintiff to arbitrate his claims. Defendant seeks an order dismissing the complaint. In the alternative, Defendant seeks an order staying the action and compelling arbitration.

Under the Federal Arbitration Act ("FAA"):

> [a] written provision in... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C § 2.

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985). As such, there is a liberal policy favoring arbitration. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983). A court interpreting an arbitration clause applies state law principles of contract interpretation and must give "due regard. . .to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." Volt Information Sciences, Inc. V. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 475-46 (1989) (internal citation omitted).

The arbitration provision in the policy at issue reads, in pertinent part:

> Any dispute relating to this Policy or the alleged breach, termination or invalidation thereof, which cannot be resolved through negotiations between any Insured and the Underwriter, shall be submitted to binding arbitration. The rules of the American Arbitration Association shall apply except with respect to the selection of the arbitration panel. The panel shall consist of one arbitrator selected by such Insured, one arbitrator

>selected by the Underwriter and a third independent arbitrator selected by the first two arbitrators.

Policy, Part 8, Section XV.B, Def's Exh. 1 at POL 040 (Doc. No. 3-2).

Defendant maintains Plaintiff seeks policy benefits as an insured under the insurance policy Defendant wrote for UCAN and, under the plain terms of the policy's arbitration provision, the parties are compelled to arbitrate Plaintiff's claims. Specifically, Defendant maintains Plaintiff's complaint alleges breach of the policy, breach of the implied covenant of good faith and fair dealing, and unfair business practices which involve a dispute relating to the policy or the alleged breach of the Policy.

Defendant argues the broad nature of the policy's arbitration provision is evidence that the parties did not intend to limit arbitration to only specific claims regarding the policy's interpretation. Defendant further argues every claim of this action is subject to binding arbitration pursuant to the express terms and broad nature of the policy's arbitration provision.

In opposition, Plaintiff argues Defendant incorrectly characterized his claim for unfair business practice. Plaintiff maintains he brought the claim because Defendant never fulfilled its promise and obligation under the policy to provide a defense, however, he argues, the claim is not limited to harm under the policy. Plaintiff contends he challenges Defendant's practice of collecting credit for full disbursement, but never fully disbursing funds when the need arises. Plaintiff argues the cause of action for unfair business practice cannot be deemed to be within the scope of the arbitration provision, and, thus, this Court is not required to refer this action to arbitration.

Plaintiff further argues public policy considerations warrant denial of Defendant's motion. He maintains when he was sued he requested a defense and indemnity, and due to conflicts of interest between the lawyer hired by Defendant and Plaintiff, he could not be represented by the same defense counsel. Plaintiff further maintains Defendant refused to pay Plaintiff's defense as requested unless Plaintiff waived the conflict. Plaintiff contends he was forced to incur charges not paid by Defendant for his defense, and now Defendant is trying to compel costly arbitration. He argues this goes against public policy.

In reply, Defendant argues all the claims of the complaint are subject to the policy's arbitration provision. Defendant contends Plaintiff does not dispute that his claims for breach of contract and breach of the implied covenant of good faith and fair dealing are subject to arbitration. Defendant further contends Plaintiff's only argument is that the action cannot be dismissed because his claim for unfair business practice is not related to the policy. Defendant argues Plaintiff's argument fails because the policy's arbitration provision is broad and includes all claims "relating to" the policy or its alleged breach, and Plaintiff's claim for unfair business practices relates to the policy in that it implicates Defendant's duties and obligations under the policy. Defendant further argues the broad language of the arbitration provision indicates the intent to include not only breach of contract and bad faith claims, but also related tort claims, such as unfair business practices, concerning the parties' rights and duties under the policy.

Defendant also argues there will be no injustice by granting the motion. Defendant maintains it did not request a waiver and did in fact issue a payment in the amount of $27,500 for reimbursement of Plaintiff's covered defense costs. Defendant also argues public policy favors arbitration.

The arbitration provision mandates arbitration of all disputes "relating to th[e] Policy or the alleged breach, termination or invalidation thereof. . ." Policy, Def's Exh. 1 at POL 040. It is a broad clause which contemplates matters collateral to the policy. See Mediterranean Enterprises, Inc. Ssangyong Corp., 708 F.2d 1458 (9th Cir. 1983). Plaintiff's claim for breach of contract and breach of the implied covenant of good faith and fair dealing clearly relate to the policy and breach thereof. Plaintiff does not dispute this. Plaintiff's unfair business practice claim, which he characterizes as challenging Defendant's practice of collecting credit for full disbursement, but never fully disbursing funds when the need arises, "relates to" Defendant's obligations under the policy and, therefore, falls within the broad arbitration provision.

The Court also finds Plaintiff's allegations surrounding Defendant's failure to defend do not overcome the liberal policy in favor of arbitration.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Defendant's motion to dismiss is **GRANTED**.  The action is **DISMISSED without prejudice**.

Dated:     September 25, 2015

JOHN A. HOUSTON
United States District Judge